IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Darryle Evans, #52977-018, | C/A No. 1:23-cv-02392-JFA |
| Petitioner, | |
| v. | **ORDER** |
| Warden, FCI Bennettsville, | |
| Respondent. | |

I.  **INTRODUCTION**

Darryle Evans ("Petitioner"), proceeding *pro se,* commenced this action by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the petition without requiring Respondent to file an answer and deny Petitioner's motion to vacate sentence (ECF No. 2). (ECF No. 13).  Petitioner filed objections on August 30, 2023. (ECF No. 16). Thus, this matter is ripe for review.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

## II.    FACTUAL BACKGROUND

The relevant facts and standards of law on this matter are incorporated from the Report. (ECF No. 13). However, a brief recitation of the facts for context is necessary. Petitioner is an inmate at the Federal Correctional Institution in Bennettsville, South Carolina. On July 16, 2019, Petitioner entered a guilty plea to distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). *United States v. Evans*, Case No. 3:19-cr-24-MCR (M.D. Fla. July 16, 2019). On October 1, 2020, the district court sentenced Petitioner to 151 months in prison and three years of supervised release. (M.D. Fla. ECF No. 56). Petitioner did not file an appeal challenging his conviction and sentence or a motion to vacate judgment under 28 U.S.C. § 2255. (ECF No. 1 at 3—5).

In the instant petition, Petitioner argues his sentence enhancement as a career offender is no longer applicable in light of *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022). (ECF No. 1).  Petitioner also contemporaneously filed a motion to vacate his sentence wherein he requests the court vacate his sentence based on *Campbell*. (ECF No. 2).

## III.    LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In

the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## IV. DISCUSSION

Petitioner has filed the instant petition pursuant to § 2241 arguing his sentence enhancement as a career offender is no longer applicable in light of the decision in *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022). (ECF No. 1). Petitioner has also filed a motion to vacate his sentence requesting this Court vacate his sentence based on *Campbell*. (ECF No. 2).

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). In contrast, a motion filed under § 2241 is typically used to challenge the execution of a sentence. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). However, § 2255 includes a savings clause provision which permits a district court to consider a § 2241 petition challenging the validity of the prisoner's conviction or sentence when § 2255 is "inadequate or ineffective to test the legality of…detention." 28 U.S.C. § 2255(e). Thus, a petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 saving clause as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Rice*, 617 F.3d at 807 (finding court lacked jurisdiction over § 2241 petition outside savings clause).

Because Petitioner failed to file a § 2255 motion, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. The Report finds the petition should be dismissed and his motion denied because Petitioner has failed to demonstrate he can satisfy the savings clause provision within § 2255. Petitioner recognizes he failed to file a § 2255 and asserts this Court should still consider his petition pursuant to the savings clause because his "[m]otion is not based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the U.S. Supreme Court that was previously unavailable." (ECF No. 1 at 4). The Report further finds Petitioner's argument is foreclosed by a recent United States Supreme Court decision in *Jones v. Hendrix,* 599 U.S. __, 143 S.Ct. 1857 (2023).

In *Jones*, the United States Supreme Court addressed when a § 2255 remedy was inadequate or ineffective to test the legality of a prisoner's detention such that a petitioner may bring a § 2241 habeas petition. The Supreme Court found that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id*. at 5. The Supreme Court noted that § 2255(h) limited second or successive § 2255 motions to those that contain newly discovered evidence, or a new rule of constitutional law made retroactive to cases on collateral review. *Id.* at 7. Addressing petitions that raised challenges that fall outside of § 2255(h), the Court held "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can

5

bring his claim in a habeas petition under the saving clause. It means he cannot bring it at all." *Id.* at 9.

Petitioner is attempting to do exactly what the Supreme Court in *Jones* sought to prevent. Without having ever filed a § 2255, Petitioner is attempting to use the instant petition pursuant to § 2241 to argue an intervening change in statutory interpretation by *U.S. v. Campbell* renders his sentence invalid. But the Report is correct, *Jones* forecloses this argument. Because Petitioner has failed to otherwise demonstrate he can satisfy the savings clause, this Court agrees with the Report and finds it lacks jurisdiction to consider his petition.

In his objections, Petitioner argues *Jones v. Hendrix* should not control the outcome of his petition because it was decided after his petition and motion were filed and cannot be applied retroactively. The issue of whether *Jones v. Hendrix* should be applied retroactively requires a complicated analysis that is unnecessary in this case. At the time of the Supreme Court's decision in *Jones*, the instant case was still pending. In other words, this Court had not reached a decision on Petitioner's petition or motion. The Supreme Court has made clear that "when there is a change in the law while a case is pending, a court applies the law in effect at the time of the decision and not the antecedent law…" *See Nilson Van & Storage Co. v. Marsh*, 755 F.3d 362, 365 (4th Cir. 1985) citing *Bradley v. Richmond School Board*, 416 U.S. 696, 711, (1974); *United States v. Schooner v. Peggy*, 1 Cranch 103 (1801). As Jones is established law at this time, this Court is bound to follow it.

Therefore, Petitioner's objection is overruled.

6

## V.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates herein by reference. (ECF No. 13). Consequently, the petition (ECF No. 1) is summarily dismissed without prejudice and Petitioner's motion to vacate sentence is denied. (ECF No. 2).

It is further Ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

October 11, 2023                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                                United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).

7